# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DALE HEARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-cv-100-LCB |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

## OPINION & ORDER

Dale Heard appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). He claims that the Commissioner erroneously denied his application for Supplemental Security Income. *Id.* at 1–2. As explained below,[1] Heard fails to show error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

## I. STATUTORY FRAMEWORK & STANDARD OF REVIEW

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act,[2]

---

[1] *See infra* Part III.

[2] Throughout this opinion, the Court cites to and applies the regulations in effect at the time of the ALJ's decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) (per curiam) (explaining that a court applies the Social Security "regulations in effect at the time of the ALJ's decision").

an administrative law judge (ALJ) evaluates an application for Supplemental Security Income by conducting a five-step analysis:

    (1) Is the claimant engaged in substantial gainful activity?
    (2) Does the claimant have a severe impairment?
    (3) Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?
    (4) Is the claimant able to perform former relevant work?
    (5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 416.920(a)(4).[3] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite his limitations. 20 C.F.R. § 416.945(a)(1). A claimant is disabled if he can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

---

[3] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

By contrast, a claimant is not disabled if he can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 416.1467. If the Council denies review, the ALJ's decision becomes a final administrative decision of the Commissioner. 20 C.F.R. § 416.1481. A claimant may then seek judicial review of the Commissioner's decision in federal court under 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.   BACKGROUND

Dale Heard is a sixty-two-year-old man who has a history of mental and physical impairments. (Tr. at 85–97, 195).[4] In October 2018, Heard applied for

---

[4] "Tr" is a consecutively paginated transcript of the administrative record below spanning from ECF Doc. 9-1 to ECF Doc. 9-8. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

Supplemental Security Income, alleging that he became unable to work due to his impairments in March 2014. *Id.* at 81, 195. The Commissioner denied Heard's application at the administrative level, and Heard requested and received an evidentiary hearing before an ALJ. *Id.* at 125, 179.

At the hearing, Heard testified about the severity and limiting effects of his impairments. *Id.* at 23, 37–56.[5] He alleged that he suffers from debilitating pain caused by sciatica in his back, pinched nerves in his arms, and a torn ACL in his left knee. *Id.* at 23. Further, he alleged that he cannot squat or kneel and that he cannot lift his arms above his head without experiencing pain. *Id.* He estimated that he can stand in place for five minutes at a time, walk for five minutes at a time, and sit for ten minutes at a time. *Id.* Additionally, he testified that he suffers from anxiety and depression. *Id.*

In May 2020, the ALJ affirmed the denial of Heard's application for benefits in accordance with the five-step analysis described above. *Id.* at 16–29. At steps one and two respectively, the ALJ found that Heard has not engaged in substantial gainful activity since applying for benefits and that he suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the left knee; somatic symptom disorder; anxiety;

---

[5] In his brief, Heard adopts the ALJ's recitation of his testimony as true and correct. (Doc. 11 at 4). The Court therefore pulls the following summary of Heard's testimony from the ALJ's opinion.

4

depression; and an unspecified personality disorder. *Id.* at 18. Then, at step 3, the ALJ determined that Heard does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 20.

Before proceeding to step four, the ALJ determined that Heard has an RFC to perform "medium work"[6] with several physical and mental limitations. *Id.* at 23. In doing so, the ALJ found that Heard's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," but that his "statements concerning the intensity, persistence and limiting effects of these symptoms" are not entirely consistent with the objective record evidence. *Id.* The ALJ explained that the objective evidence—including treatment and diagnostic records from June 2013, November 2014, January 2018, February 2018, September 2018, March 2019, May 2019, November 2019, and February 2020—does not support Heard's testimony "regarding his pain, symptoms, and degree of limitation." *Id.* at 24–26. The ALJ added that Heard had "received only conservative treatment" for his physical impairments. *Id.* at 25.

After determining Heard's RFC, the ALJ moved to step four and found that Heard is able to perform his former relevant work as a hand packager. *Id.* at 28. The

---

[6] Under 20 C.F.R. § 416.967(c), "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."

5

ALJ therefore concluded that Heard is not disabled under the Social Security Act. *Id.* at 29. In response, Heard requested review of the ALJ's decision before the Social Security Appeals Council. *Id.* at 7. The Council, however, declined review and notified Heard of his right to bring suit in federal court. *Id.* at 1–3. Heard then filed this action under 42 U.S.C. § 405(g). (Doc. 1 at 1–2).

### III. DISCUSSION

Heard claims that the ALJ erroneously discredited his testimony regarding the severity and limiting effects of his physical impairments. (Doc. 11 at 8–12). A claimant may establish a disability through his "own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). To do so, a claimant must produce: "(1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (emphasis added).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit his capacity for work. 20 C.F.R. § 416.929(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d

1553, 1561 (11th Cir. 1995) (per curiam). An ALJ should consider a number of factors when determining the limiting effects of a claimant's pain, including the claimant's daily activities, the location and duration of the pain, any precipitating and aggravating factors, and any medication or measure the claimant uses to relieve the pain. 20 C.F.R. § 416.929(c)(3).

Lastly, an "ALJ must clearly articulate adequate reasons for discrediting" a claimant's pain testimony. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam). An ALJ, however, need not "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [a reviewing court] to conclude the ALJ considered the claimant's medical condition as a whole." *Brown v. Barnhart*, 158 F. App'x 227, 228 (11th Cir. 2005) (per curiam) (quoting *Dyer*, 395 F.3d at 1211). A reviewing court "will not disturb a clearly articulated credibility finding supported by substantial evidence[.]" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

In this case, the ALJ found that Heard's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," but that his "statements concerning the intensity, persistence and limiting effects of these symptoms" are not entirely consistent with the objective record evidence. (Tr. at 23). The ALJ explained that the objective evidence as a whole—including Heard's treatment and diagnostic records from June 2013 to February 2020—does not

7

support Heard's testimony regarding the severity and limiting effects of his impairments. *Id.* at 24–26. Having reviewed the entire record, the Court finds that the ALJ's articulated reasons for discrediting Heard's testimony are supported by substantial evidence.

Heard puts forth no meaningful opposition to the contrary. Heard first argues that the ALJ could have only determined that he has an RFC to perform medium work "by ignoring" his medical records from June 2013, November 2014, January 2018, February 2018, September 2018, and March 2019. (Doc. 11 at 10–11). A claimant "must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam). Here, the ALJ considered Heard's medical records from June 2013, November 2014, January 2018, February 2018, September 2018, and March 2019 when determining his RFC. (Tr. at 24–26). Moreover, nothing in these records shows that the ALJ's RFC determination is not supported by substantial evidence. Heard's first argument therefore fails.

Next, Heard argues that the ALJ wrongly "inferred" that his "'conservative' treatment demonstrates his pain is not as severe as [he] alleged[.]" (Doc. 11 at 11). Under Soc. Sec. Regul. 16–3p, an ALJ must consider a claimant's good-cause explanation for not seeking "treatment consistent with the degree of his or her

8

complaints" before discrediting the claimant's testimony based on the course of treatment the claimant actually received. Failure to abide by this requirement does not constitute reversable error unless the claimant's course of treatment is a primary or significant factor in the ALJ's RFC determination. *See, e.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam); *Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011) (per curiam).

Here, the ALJ primarily, if not exclusively, discredited Heard's testimony because it is not supported by the objective record evidence. (Tr. at 24–26). To be sure, the ALJ noted that Heard had "received only conservative treatment" for his physical impairments. *Id.* at 25. But Heard's course of treatment was clearly not a primary or significant factor in the ALJ's RFC determination. Accordingly, even assuming the ALJ erred by considering Heard's conservative course of treatment, the ALJ committed no reversable error. Thus, Heard's second argument fails.

Finally, Heard contends that the medical "evidence, when properly considered, demonstrates [his] physical impairments prohibit him from performing work at the medium level of exertion." (Doc. 11 at 12). A reviewing court must "not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (second alteration in original) (quoting *Phillips*, 357 F.3d at 1240 n.8)). Here, Heard asks the Court to reweigh the evidence before the ALJ. (Doc. 11 at 12).

Because this is something the Court cannot do, Heard's final argument fails. The Court therefore concludes that the ALJ did not erroneously discredit Heard's testimony regarding the severity and limiting effects of his impairments.

## IV.     CONCLUSION

Heard fails to show error in the Commissioner's decision below. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment by separate order.

**DONE** and **ORDERED** April 7, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE